UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

SOCF MAILROOM, et al.,
    Defendants.

Case No. 1:17-cv-17

Dlott, J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against defendants SOCF Mailroom, Captain Whitman, Sergeant Dillow, Sergeant Tackett, and four unidentified John and Jane Doe SOCF mailroom workers. (*See* Doc. 1-1, Complaint at PageID 5–6). Subsequent to filing the complaint, plaintiff has purportedly identified two of the unidentified defendants by submitting summons and United States Marshal forms for Mr. Satterfield and Ms. Kezee. The Clerk of Court is therefore **DIRECTED** to modify the docket sheet to reflect the identities of Jane Doe #1 and John Doe #1 as Mr. Satterfield and Ms. Kezee, respectively.

By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at

2

470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff alleges that on August 23, 2016, he submitted a motion for an extension of time to file a notice of appeal to the Ohio Court of Appeals to the SOCF mailroom for mailing. (Doc. 1-1, Complaint at PageID 7). According to plaintiff, he received legal mail from the Ohio appellate court on September 26, 2016, which indicated that his motion was not received by the court until September 21, 2016. (*Id.* at PageID 8). Plaintiff further alleges that on October 4, 2016, he received a Decision and Judgment Entry by the Ohio Court of Appeals ordering the dismissal of his case. (*Id.* at PageID 9). It appears from the complaint that plaintiff attributes the dismissal to the mailroom's delay in mailing his motion for an extension of time to file a notice of appeal.

3

Plaintiff claims that on September 26, 2016, he sent defendant SOCF mailroom supervisor Captain Whitman and institutional inspector Ms. Mahlman[1] a kite informing them that his legal mail was being withheld. After not receiving a response to his kite, plaintiff claims he sent Whitman and Mahlman another kite requesting a Notification of Grievance form concerning the unidentified mailroom worker defendants for their withholding of his outgoing mail and causing his appeal to be dismissed. Plaintiff indicates that he later sent another kite to Mahlman to obtain a Notice of Grievance, but that Mahlman responded by telling him he was on a grievance restriction.

On November 30, 2016, plaintiff claims that defendant Sgt. Tackett informed him that an inmate conduct report had been filed against him by the SOCF mailroom for contraband. (*Id.* at PageID 11). According to plaintiff, Sgt. Tackett further informed him that defendant Sgt. Dillow would hear the conduct report later that day. However, plaintiff claims that Dillow subsequently informed him that he was not going to hear the conduct report "due to [plaintiff] being guilty." (*Id.*). Plaintiff further claims that Dillow never provided him with a copy of the conduct report.

Plaintiff alleges that he filed additional complaints and notifications of grievances to Whitman, Dillow, Tackett, Mahlman, and the Rules Infraction Board (RIB) chairman, Lt. Sammons, concerning the SOCF mailroom workers and Whitman's withholding and opening up his outgoing legal mail, as well as Tackett and Dillow's failure to allow him to defend against the conduct report at the RIB hearing. (*Id.* at PageID 12–13). Plaintiff claims that on December 28, 2016, Mahlman denied his grievance and failed to provide him with an appeal form to the chief inspector. (*Id.* at PageID 13).

Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.* at PageID 14).

---

[1] Plaintiff has not named Mahlman as a defendant to this action. (*See* Doc. 1-1, Complaint at PageID 5-6).

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his First Amendment claims against Captain Whitman, Mr. Satterfield, Ms. Kezee, and the remaining two John and Jane Doe mailroom worker defendants based on his allegation that these defendants withheld and opened his outgoing legal mail. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

The remainder of the complaint should be dismissed. First, plaintiff has named the SOCF mailroom as a defendant in this action. However, title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Because only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983, the complaint should be dismissed as to the SOCF mailroom.

Second, plaintiff has failed to state a claim for relief against defendants Dillow and Tackett in connection with the conduct report, RIB hearing, or any resulting disciplinary action because the challenged disciplinary action did not amount to a deprivation of a constitutionally protected liberty interest. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that the Fourteenth Amendment confers on prisoners only a "limited" liberty interest "to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," or which "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 484, 487; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Williams v. Wilkinson,* 51 F. App'x 553, 556 (6th Cir. 2002). The Sixth Circuit has held that confinement in segregation generally does not rise to the level of an "atypical and significant" hardship implicating a liberty interest except in "extreme circumstances, such as when the

prisoner's complaint alleged that he is subject to an *indefinite* administrative segregation" or that such confinement was excessively long in duration. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (citing *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008)) (emphasis in original); *see also Harris v. Caruso,* 465 F. App'x 481, 484 (6th Cir. 2012) (holding that the prisoner's 8-year confinement in segregation was of "atypical duration" and thus "created a liberty interest that triggered his right to due process"). *Cf. Wilkinson v. Austin*, 545 U.S. 209, 223-24 (2005) (ruling that an inmate's transfer to Ohio's "supermax" prison "imposes an atypical and significant hardship" given the combination of extreme isolation of inmates, prohibition of almost all human contact, indefinite duration of assignment, and disqualification for parole consideration of otherwise eligible inmates).

Here, plaintiff has not alleged that the challenged disciplinary proceeding resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Moreover, plaintiff has not alleged any facts to suggest that he was subjected to a lengthy disciplinary placement amounting to an atypical or significant hardship that would trigger constitutional concerns. Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, any claim against defendants Dillow and Tackett for their conduct in connection with the conduct report or the resulting disciplinary proceedings fails to state a cognizable federal claim under the Fourteenth Amendment's Due Process Clause.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants SOCF mailroom, Sergeant Dillow, and Sergeant Tackett be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Captain Whitman, Mr. Satterfield, and Ms. Kezee as directed by plaintiff, with costs of service to be advanced by the United States.

Before service may be issued upon the remaining John and Jane Doe defendants, plaintiff must file a motion to issue service setting forth the identities of the unidentified defendants. Plaintiff is therefore **ORDERED** to file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery. Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date: 2/28/17

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

SOCF MAILROOM, et al.,
    Defendants.

Case No. 1:17-cv-17

Dlott, J.
Litkovitz, M.J.

NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).