UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

SOCF MAIL ROOM, et al.,
    Defendants.

Case No. 1:17-cv-017

Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at the Southern Ohio Correctional Facility (SOCF), brings this action pursuant to 42 U.S.C. § 1983 for violations of his civil rights. This matter is before the Court on plaintiff's motion for copies (Doc. 8), plaintiff's motion for default judgment (Doc. 11) and defendants' response in opposition (Doc. 18), and defendants' motion for extension of time to file an answer to the complaint (Doc. 12) and plaintiff's response in opposition (Doc. 19).

Obtaining a default judgment is a two-step process governed by Fed. R. Civ. P. 55. First, under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk enters the party's default, the plaintiff must move the court for a default judgment under subsection (b)(2).

It is clear from the procedural history of this case that plaintiff is not entitled to default judgment under Rule 55(b)(2) against any of the defendants. Plaintiff was granted leave to proceed *in forma pauperis* and the complaint was filed on March 1, 2017. (Docs. 6, 7). The undersigned ordered on March 1, 2017 that the docket sheet be modified to reflect the identities of defendants John Doe #1 and John Doe #2 as Ms. Kezee and Mr. Satterfield, and that plaintiff

be permitted to proceed on his claims against defendants Captain Whitman, Kezee and Satterfield and two remaining unidentified John and Jane Doe defendants. (Doc. 9). Summons were issued to the three named defendants on March 1, 2017. (Doc. 10). Plaintiff moved for default judgment against defendants on the same date summons were issued. (Doc. 11). Service was executed on the named defendants on March 23, 2017 (*see* Doc. 13), and they filed their motion for extension of time to file an answer to the complaint on April 13, 2017. (Doc. 12). Defendants were granted leave of Court to file their answer *instanter* on April 20, 2017. (Doc. 16). Defendants filed their answer and response to the motion for default judgment on April 20, 2017. (Docs. 17, 18).

The record therefore shows that defendants have not "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Service had not been executed on defendants Whitman, Kezee and Satterfield at the time plaintiff filed his motion for default judgment. The named defendants have since been served and have filed an answer to the complaint. The John and Jane Doe defendants who remain in the lawsuit have not been identified and served. Plaintiff therefore is not entitled to default judgment against any defendant.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for default judgment (Doc. 11) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Defendants' motion for extension of time to file an answer to the complaint (Doc. 12) be **DENIED** as moot.

2. Plaintiff's motion for copies (Doc. 8) is **GRANTED**. The Clerk is **DIRECTED** to send plaintiff one copy of his complaint (Doc. 7).

Date: 6/26/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
    Plaintiff,

vs.

SOCF MAIL ROOM, et al.,
    Defendants.

Case No. 1:17-cv-017

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).