UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TERRY TYRONE PULLEN, JR.,<br>Plaintiff, | Case No. 1:17-cv-17 |
| vs. | Dlott, J.<br>Litkovitz, M.J. |
| SOCF MAILROOM, et al.,<br>Defendants. | **REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), alleges that defendants SOCF Captain Whitman, Ms. Kezee, Mr. Satterfield, Mr. Casey Meade, and Ms. Kelly Madaesi delayed the mailing of his legal mail to the Ohio Court of Appeals resulting in the dismissal of his appeal. This matter is before the Court on defendants' motion for summary judgment (Doc. 49) and plaintiff's memorandum in opposition (Doc. 55).

**I. Facts**

This case involves the dismissal of plaintiff's appeal to the Ohio Court of Appeals, Fourth Appellate District. The background is set forth in that court's order of September 29, 2016 dismissing plaintiff's appeal:

> On June 8, 2016, Appellant Terry T. Pullen, Jr. filed an untimely notice of appeal from the trial court's entry denying his motion to withdraw his guilty plea. On the same day, the Pickaway County Clerk of Courts issued a deficiency notice indicating that Pullen's appeal was deficient for numerous reasons. On July 12, 2016, we advised Pullen that he had failed to comply with the local rules of court to perfect his appeal. We also ordered him to perfect the appeal within 10 days or we would dismiss it. In response, Pullen filed a request for extension of time to appeal. We granted the request and ordered Pullen to perfect the appeal by August 31, 2016. To date, Pullen has taken no further action to perfect his appeal.
>
> Because appellant has not properly perfected this appeal and because he has not complied with an order of this Court, we sua sponte DISMISS this appeal.

(Doc. 56 at 9).

On August 1, 2016, plaintiff was granted an extension of time until August 31, 2016 to perfect the appeal filed in *State of Ohio v. Terry T. Pullen, Jr.*, Case No. 16-CA-11. (Doc. 49-3). Plaintiff states that on August 23, 2016, he addressed an envelope to the Clerk of Court, Fourth Appellate District, 14 South Point Street, Suite 38, Chillicothe, Ohio 45601. Enclosed in the envelope was plaintiff's motion for an additional extension of time of 15 days within which to file a notice of appeal in the case. (Doc. 55-1). Apparently, and unbeknownst to plaintiff, the Chillicothe location of the Fourth District Court of Appeals to which he addressed the envelope was not the correct filing location.

Attached to the envelope was a "personal A/C withdrawal check-out-slip form" addressed to the Clerk of Court and witnessed by C/O Henson on August 23, 2016. (Doc. 55-1, ¶ 2). Plaintiff states that on August 23, 2016, he placed the envelope and cash slip in the K2 mailbox to be forwarded to the SOCF Cashier's Office and approved as outgoing free legal mail before being mailed by the SOCF mail room workers.

Plaintiff states that on August 25, 2016, his envelope was stamped "free legal mail" by the SOCF Cashier's Office. He alleges, however, that someone in the mail room did not mail the envelope until September 19, 2016. On September 26, 2016, plaintiff received a letter from the Fourth District Court of Appeals regarding his request for an extension of time to file a notice of appeal. The letter, dated September 22, 2016, advised plaintiff of the following:

> This office is in receipt of your document for filing. The proper procedure for filing documents in the Fourth District Court of Appeals is to send them directly to the clerk of courts of the county in which the case originated. Since the case originated in Pickaway County, you will need to forward an original and four copies to:
>
> James W. Dean
> Clerk of Courts
> Pickaway County Courthouse
> 207 S. Court St., P.O. Box 280
> Circleville, Ohio 43113

2

> Sincerely,
> 4th District Court of Appeals

(Doc. 56 at 8). Plaintiff's original documents were included with the letter from the Court of Appeals. These included the envelope addressed to the Ohio Court of Appeals with a date stamp of September 21, 2016, indicating the date of receipt by that court. Plaintiff then sent an institutional kite to Captain Whitman and another SOCF official on September 26, 2016, complaining that his legal mail had been withheld.

On October 4 or 5, 2016, plaintiff received the decision from the Ohio Court of Appeals notifying him that his appeal had been dismissed. Based on these facts, plaintiff alleges he was denied access to the courts in violation of his First Amendment rights.

## II. Summary Judgment Standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A grant of summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002). The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable to the non-moving party. *Satterfield*, 295 F.3d at 615; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

3

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial. *Anderson*, 477 U.S. at 249. The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587. "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial." *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp.2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

### III. Resolution

In order to establish a First Amendment claim of denial of access to the courts, a prisoner must show he was actually impeded in an existing or contemplated non-frivolous legal proceeding. *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Hadix v. Johnson*, 182 F.3d 400, 406 (6th Cir. 1999). To have standing to pursue an access-to-the-courts claim, plaintiff must "show actual prejudice to non-frivolous claims." *Hadix*, 182 F.3d at 406. *See also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (noting that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin–Bey v. Rutter*, 420 F.3d 571,

4

578 (6th Cir. 2005) (citing *Jackson v. Gill,* 92 F. App'x 171, 173 (6th Cir.2004)). Finally, in addition to showing an actual injury, the prisoner must show the injury was the result of intentional, and not merely negligent, conduct. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006) (citing *Wojnicz v. Davis,* 80 F. App'x 382, 384 (6th Cir. 2003) ("In order to establish an access to the courts violation under § 1983, a prisoner must prove that the violation was intentional, not merely negligent.").

Plaintiff has failed to establish a denial of access to the courts claim in this case. First, plaintiff has presented no evidence whatsoever showing that the delay in perfecting his notice of appeal was attributable to anything more than mere negligence on the part of any defendant. There is a gap of several weeks between the date plaintiff submitted his documents for mailing and the date of the Ohio Court of Appeals' letter advising plaintiff that he needed to direct his mail to the proper court address, but there is no evidence showing what caused the alleged delay. While plaintiff assumes that one of the defendants withheld his outgoing legal mail, there is no evidence that the delay occurred in the mailing of plaintiff's documents from the SOCF mailroom, as opposed to in the delivery of the mail by the United States Postal Service or at some other point. Plaintiff has cited no evidence that establishes any of the defendants acted with intent to deprive plaintiff of his access to the courts.

In addition, it appears that plaintiff's own actions caused or at least contributed to the delay in perfecting his appeal. Although plaintiff was notified on August 1, 2016 that he had 30 days within which to perfect his appeal, plaintiff waited until the twenty-third day to send his request for a further extension of time to the Ohio Court of Appeals. Moreover, plaintiff addressed his mail to the incorrect court location, resulting in the return of plaintiff's documents

5

to him. Instead of immediately sending his documents to the proper court location, plaintiff chose to file institutional complaints and grievances about the alleged withholding of his mail.

Finally, the Sixth Circuit has recently foreclosed, under the *Heck* doctrine, access to the courts claims like the one plaintiff brings. In *Sampson v. Garrett*, 917 F.3d 880 (6th Cir. 2019), a prisoner alleged a denial of access to the courts claim against various state actors who allegedly interfered with his direct criminal appeal by depriving him of a complete and accurate record of his trial court proceedings. The Sixth Circuit held that the claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994):

> *Heck* blocks a state prisoner's § 1983 claim if its success "would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487. The idea is to channel what amount to unlawful-confinement claims to the place they belong: habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).
>
> Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us. That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (quotation omitted).
>
> Sampson maintains that he is entitled to damages because the defendants prevented him from using the trial transcripts and other materials in his direct—and unsuccessful—appeal. He could prevail on that claim only if he showed that the information could make a difference in a nonfrivolous challenge to his convictions. He could win in other words *only* if he implied the invalidity of his underlying judgment. *Heck* bars this kind of claim.

*Sampson*, 917 F.3d at 881-82.

In this case, plaintiff alleges that defendants withheld his legal mail resulting in the dismissal of his appeal in the Ohio Court of Appeals. That appeal was a direct challenge to the denial of plaintiff's motion to withdraw his guilty plea by the Pickaway County Court of Common Pleas. (*See* Doc. 49-4). To establish his denial of access to the courts claim, plaintiff

6

must prove that he was thwarted in a non-frivolous, arguable claim, to wit, the successful withdraw of his guilty plea. A successful withdrawal of plaintiff's guilty plea necessarily would imply the invalidity of plaintiff's underlying conviction. Therefore, under *Sampson*, plaintiff's access to the courts claim is barred by *Heck*. *See also Cooper v. Wamsley*, No. 2:18-cv-34, 2019 WL 1901979, at *5 (S.D. Ohio Apr. 29, 2019) (Report and Recommendation) (access to the courts claim barred by *Heck* because if the plaintiff's "conviction is sound, [he] has suffered no injury by losing his ability to appeal it"; therefore, he "needs to establish the invalidity of his original conviction to succeed on his access to courts claim"), *adopted*, 2018 WL 1304960 (S.D. Ohio Mar. 13, 2018). As plaintiff cannot establish a viable denial of access to the courts claim under the circumstances of this case, summary judgment should be granted for defendants.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment be **GRANTED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Court Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 9/5/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TERRY TYRONE PULLEN, JR.,
Plaintiff,

vs.

SOCF MAILROOM, et al.,
Defendants.

Case No. 1:17-cv-17

Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).